## Judah v. Stephenson.

1. Judgment: notice. A judgment rendered in an attachment suit, in which there was neither personal service of notice, nor property, rights, nor credits of the defendant attached, has no validity as a judgment either *in personam* or *in rem*.
2. Pleadings. Suggestions as to a plea of the statute of limitations.

Appeal from Henry District Court.

Thursday, June 28.

This action was commenced on the 21st day of March, 1859, on a judgment rendered in certain attachment proceedings between the same parties, in the Circuit Court of Morgan county, Indiana, on the 21st day of August, 1844. The plaintiff, by an amended petition, also, set up the note upon which said judgment was rendered, as an additional cause of action. The note was executed upon the 14th day of January, 1841. To this cause of action the defendant pleaded the statute of limitations, as follows: "And defendant further answers to said amended petition, and states that if defendant ever made and delivered any such note to the plaintiff, more than ten years had elapsed, at the time of commencing this suit, since such making and delivering of said note, and since the same fell due, and that, therefore, the plaintiff ought not to maintain his action thereon." Judgment for the defendant, and plaintiff appeals.

*Palmer & McFarland* for the appellant, insisted that the judgment rendered in the Circuit Court of Morgan County, Indiana, was a judgment *in personam, Wilkie & Fuller* v. *Jones*, Morris 97; that the judgment should be re-

ceived in the first instance as *prima facie* evidence of the debt, and that the burden of showing that it was irregularly and illegally recovered was upon the defendant, 2 Kent. 95; *Latterett* v. *Cook*, 1 Iowa 1; *Baltzell et al.* v. *Nosler*, Ib. 588; *Struble* v. *Malone*, 3 Ib. 586; that all presumptions are in favor of the validity of the judgment, even where the record does not disclose that service of notice was made, 1 Smith L. C. 834, 848; *Moore* v. *Starks*, 1 Ohio State 369; *Wright* v. *Marsh*, 2 G. Greene 94; that the statute of limitations was not well pleaded. Angell on Limitations, 370.

*H. Ambler* for the appellee, reviewed the authorities cited by the counsel for the appellant.

LOWE, C. J.—The points in this case can readily and briefly be disposed of. The first relates to the exclusion from the consideration of the jury as evidence a transcript of what purports to be a judgment, rendered in favor of the plaintiff against the defendant, in the county of Morgan, State of Indiana, in the year 1844. The transcript upon its face shows the proceedings a nullity. The suit was commenced by attachment, but no property was attached, none was found, no debt garnished, no personal service was made upon defendant. Notice of the pendency of the suit was published however, which would have made the proceeding a good judgment *in rem*, if any property, rights or credits had been attached. And it was not a judgment *in personam* for the reason no personal service was had.

But it is claimed by counsel for plaintiff, that the record shows a personal appearance in this, to-wit: "And now comes the plaintiff, by Hester, his attorney, and the defendant being three times solemnly called, comes, but makes default," &c. The word *not* is clearly a clerical omission. The whole character of the entry shows that he could not have been present; then when we couple with this the affidavit of the plaintiff himself in suing out his attachment, that the defendant was a non-resident, and the sheriff's return that he could not be found, we feel that we can not in-

fer against all this affirmative evidence that the defendant did appear. It follows that the court having obtained no jurisdiction by personal service or by attaching property, that the proceeding was a nullity. If so it was not error to exclude it from the jury as evidence in the cause.

This action is also brought on the original note, due the 1st of January, 1842, against which the defendant pleaded among other things, the statute of limitation, to which the plaintiff put in a general denial. On the trial the plaintiff asked the court to give to the jury two instructions bearing upon the statute of limitations which were so vague and indefinite, and we may say pointless, that they were very properly refused. Counsel in argument concede that these instructions were badly drawn, and do not insist upon their refusal as error, but do claim that the plea itself was bad and insufficient. It is true that it was incautiously drawn, yet we think it substantially good, especially after an issue upon it, and a verdict in favor of the defendant.

The motion in arrest, and for a new trial, based upon these supposed errors, was properly overruled.

Affirmed.