## REED v. PERKINS & HOPKINS.

1. The omission of the sheriff to return an ancillary attachment which he had levied, until after the judgment was obtained, will not affect the lien of the plaintiff in attachment, he not being privy to, or consenting to the act of the sheriff. The return when made, relates back to the time of the levy.

Writ of Error to the Circuit Court of Barbour. Before the Hon. Geo. Goldthwaite.

THE plaintiff in error recovered a judgment against Anthony Stow, for $4,082 27, besides costs, on which he caused a writ of *fieri facias* to be issued, and placed in the hands of the sheriff of Barbour, on the 17th May, 1847. This writ was levied on several slaves and other property, real and personal. To one of these slaves, the defendants in error interposed a claim pursuant to the statute, and executed a bond with surety for the trial of the right. An issue was made up and submitted to the jury, who returned a verdict for the claimants, and judgment was rendered accordingly.

From a bill of exceptions sealed at the plaintiff's instance, it appears, that the plaintiff, to show the inception of his lien was prior to the origin of the claimants' title, offered in evidence an ancillary attachment, which was levied on the slave in question. It was shown by the claimants that this attachment was not returned to court, nor filed among the other papers in the cause, until about three months after the judgment on which the *fi. fa.* issued, was rendered, when it was handed by the plaintiff's attorney to the clerk of the court, and by the latter filed. The claimants adduced a mortgage executed about the time the judgment was rendered, but before the execution issued. An attorney of the claimants, who was authorized to secure their debt, was informed of the attachment and levy when the mortgage was executed; but was told by the sheriff that he should not return it. On

motion of the claimants, the court excluded the attachment from the jury, and the plaintiff excepted. This is now assigned as error.

J. Buford, for the plaintiff in error.

J. G. Shorter, for defendant.

COLLIER, C. J.—We have repeatedly held that the levy of an attachment, followed by a judgment in the cause in which it issued, operates a lien in favor of the plaintiff, which the defendant cannot defeat by a sale or other transfer of the property. The only question presented by the record before us, is, whether the failure of the sheriff to return an auxiliary attachment which he levied, and a declaration that he did not intend to return it, can deprive the plaintiff of the benefit of the levy. In Wiswall v. Glidden, 4 Ala. R. 357, we held that the neglect of the clerk to docket a proceeding under the statute for the trial of the right of property for several terms after the bond and execution were returned, did not operate a discontinuance; but the court should allow the cause to be docketed. We said, "it was certainly the duty of the clerk to have entered it upon his docket, but his neglect, it is conceived, cannot prejudice either party."

In the case at bar, the sheriff should have returned the attachment according to its mandate, and it was not only competent, but on motion of either party, would have been the duty of the court to direct its return. If it had been lost, it might have been substituted by another substantially conforming to it. Here the process was placed in the files, and as we must intend, with the appropriate return indorsed on it. Its genuineness was not controverted, but is admitted, so that no rule upon the sheriff was necessary.

The fact that a return was not made previous to the rendition of the judgment without the connivance or consent of the plaintiff, cannot impair his lien; for whenever made, it related back, so as to give the plaintiff the same benefit that he would have had, if the sheriff had performed his duty with promptness. It is not pretended that the declaration of the sheriff, that he did not intend to return the attachment, had the approbation or sanction of the plaintiff; and cannot

therefore affect his right. No objection was made to the attachment, which is certainly inexcusably brief and informal; yet as it refers to the affidavit, so as to make it a part of the process, we incline to think that under the liberal interpretation of the attachment law, it may be supported. It follows that the judgment must be reversed, and the cause remanded.