# Striplin & Co. *v.* Cooper & Son.

*Bill in Equity to Enjoin Action of Ejectment, and to Remove Cloud on Title.*

1. *Conveyance of homestead by married man without signature and assent of wife.*—An absolute conveyance of his homestead by a married man, without the voluntary signature and assent of his wife, is a nullity, and an executory agreement to convey is equally null and inoperative.

2. *Title of purchaser at sheriff's sale under judgment in attachment relates back to levy of attachment.*—A purchaser at sheriff's sale, under a judgment in an attachment case, acquires a title which dates back to the levy of the attachment, and overrides an intermediate conveyance by the defendant.

3. *Same (this case).*—Where the owner of a homestead, having made an executory sale, in which his wife did not join, afterwards removed from the premises, and an attachment was then levied on the land; a purchaser at the sheriff's sale, under the judgment in the attachment sale, acquires a title which must prevail over that of an assignee of the title-bond, to whom a conveyance was executed after the levy of the attachment.

APPEAL from Randolph Chancery Court.
Heard before Hon. N. S. GRAHAM.
VOL. LXXX.

[Striplin & Co. v. Cooper & Son.]

SMITH & SMITH, for appellants.

G. C. ELLIS, *contra*.

SOMERVILLE, J.—The purpose of the bill is to enjoin an action of ejectment brought by the appellants against appellees, Cooper & Son ; also, to have cancelled, as a cloud on their title, a sheriff's deed held by the respondents, and to enforce as against them what is claimed to be a perfect equitable title to the land in controversy.

It is a fact of vital importance in the case that the premises in question were once the homestead of one A. M. Wortham, being less in value than three hundred dollars, and of an area not exceeding eighty acres. The complainants in the bill derive their title through him. Being at the time a resident of the State and a married man, and while yet in the actual occupancy of this homestead tract, A. M. Wortham, in December of the year 1881, made an executory sale of the land to one I. F. Wortham, executing to him a bond for title, signed by himself alone. In the making of this instrument his wife did not join. The vendee gave his promissory notes to the vendor for the purchase-money, payable in the sum of three hundred dollars.

On the fifteenth of October, 1882, the vendor abandoned the premises and removed to the State of Texas.

Very soon afterwards—on October 28, 1882,—the complainants became the assignees of the bond for title by purchase from the vendee, I. F. Wortham. In March, 1883, the original vendor and his wife, being then in Texas, executed a deed of conveyance to the complainants upon their making payment of the purchase-money.

The title of the defendants, Striplin & Co., is derived through a sheriff's deed. Immediately after the abandonment of the homestead premises by A. M. Wortham, two writs of attachment were sued out against him in a justice's court, and were levied on the land for want of personal property,—the first being levied October 16, 1882, and the other November 1st, following. Judgments were rendered in these suits in December, and an order of sale was granted by the Circuit Court in May, 1883, authorizing the sheriff to sell the premises. This order he executed in August following, and at this sale the defendants purchased, receiving a deed from the sheriff in due form.

Under the uniform decisions of this court the attempted sale of the premises to I. F. Wortham conveyed to him no interest whatever, legal or equitable. A mortgage or other alienation of a homestead by the owner, if a married man, is a mere

17

[Wildsmith v. Tracy et als.]

nullity without the voluntary signature and assent of the wife. *Alford v. Lehman*, 76 Ala. 326, and cases cited. An executory agreement to convey a homestead could not possibly stand on any better basis, or confer any greater right. Even if signed by the wife, specific performance of it could not be enforced by a court of equity against her consent.—*Jenkins v. Harrison*, 66 Ala. 346; *Blythe v. Dargin*, 68 Ala. 370.

The vendee in the bond for title, having no interest in the land himself, could convey none to the complainants by the assignment of this instrument to them. The complainants must, therefore, rely exclusively upon their deed from A. M. Wortham and wife, bearing date in March, 1883.

The title of the appellants, Striplin & Co., is superior to this. They did not purchase, it is true, under their sheriff's deed until August, 1883. But the lien of the process under which their title was acquired dated back to the levy of the writs of attachment on the land in October, 1882, which was prior not only to the delivery of A. M. Wortham's deed to complainants, but also of the assignment to them of the bond for title under which they claim their equity. This levy created a lien which would override and defeat any subsequent conveyance of the land, intermediate between such levy and the issue of a *venditioni exponas*, or made even prior to the rendition of judgment in the attachment suit.—*Randolph v. Carlton*, 8 Ala. 606; *Reed v. Perkins*, 14 Ala. 231; *Scarborough v. Malone*, 67 Ala. 570.

The decree of the chancellor in this cause might well be reversed and the cause remanded on the authority of the case of *Alford v. Lehman, Durr & Co.*, 76 Ala. 526, *supra*. The principles settled in that decision are conclusive of this case.

Reversed and remanded.