EDSON KEITH, Appellee, v. MARIE LOSIER, Administratrix, *et al.*, Appellants.

1. **Lis Pendens:** NOTICE: PRIORITY OF LIENS.  Under section 2628 of the Code, providing that, when a petition has been filed affecting real estate, third persons are charged with notice of the pendency of the action, and can acquire no interest in the subject matter of the suit as against the plaintiff's title.  *Held*, that the filing of a bill in equity in one county, to subject land situated therein to the payment of a claim pending for judgment in another county, creates a lien on the land superior to that created by an attachment levied subsequent to the filing of the bill.

2. **Action to Quiet Title:** CONFLICTING CLAIMS FROM SAME SOURCE: ESTOPPEL.  In an action to quiet the title to land, where both parties claimed title under decrees adjudging it to be the land of R., and not of Mrs. R., *held*, that the defendant could not raise the objection that the plaintiff's decree was defective, in that the heirs of Mrs. R. had not been made parties thereto, since both parties must be regarded as conceding that she had no interest in the land.

3. **Attachment on Land:** EQUITY SUIT IN AID OF: EXECUTION.  Where an attachment was levied on land, and an action in equity was begun in aid thereof, and the decree in the equity case directed execution to issue for its sale, *held*, that one who purchased it under an inferior lien could not assail the title of the purchaser under the execution in equity, on the ground that the execution should have issued in the attachment case, and not in the equity case, even if that were true as a matter of law.

4. **Action to Subject Land to Debt:** VALIDITY OF DECREE: RIGHT TO QUESTION.  T. sold land to R., but retained the title as security for part of the price.  A creditor of R., in an action in equity, procured a decree directing the sale of the land to pay his debt, but making T.'s lien superior to that of the creditor.  The plaintiff purchased the land under the decree in favor of the creditor, and the defendant purchased it under an inferior lien.  *Held*, in an action to quiet title, that, even if the decree, so far as it was in favor of T., was void, that fact in no way invalidated the plaintiff's title.

5. **Decree for Sale of Land:** ERRONEOUS DESCRIPTION: CORRECTION: INTERVENING LIEN: EFFECT ON TITLE.  In an action to subject land to the payment of a debt, there was no dispute about the description of the land, but, by mistake, it was erroneously described in the decree. The decree was, however, corrected by proper proceedings, but before

it had been corrected another lien upon the land had been created. *Held,* that the purchaser under the corrected decree acquired a title superior to the purchaser under the later lien.

6. **Execution Sale:** EQUITABLE RIGHT TO REDEEM. Where a purchaser at execution sale under a junior lien seeks in vain to defeat the title of a purchaser under a senior lien created by judicial decree, on account of alleged irregularities in the proceedings on which the decree is based, and allows the statutory period for redemption to pass, equity will not intervene to permit redemption.

*Appeal from Franklin District Court.*—HON. J. L. STEVENS, Judge.

SATURDAY, MAY 27, 1893.

THE facts of the case, without substantial dispute, are as follows: The defendant Losier is the administratrix of the estate of Johanna Cohn, deceased. On December 20, 1886, H. C. Riefe was the owner of a stock of goods at Charles City, Iowa, and was there engaged in selling the same at retail. On that day he traded said stock of goods to James Thompson, a resident of Franklin county, Iowa. In consideration of said stock of goods, and a payment of three hundred and forty-one dollars to be made in cash by H. C. Riefe, said Thompson agreed with him to convey to Agnes H. Riefe, wife of H. C. Riefe, the southwest quarter of section 36, township 93, range 20, being the land in controversy in this case. On the same day the stock of goods was delivered to Thompson, but the three hundred and forty-one dollars cash difference was never paid by Riefe, but was afterwards made by special execution against the land, as hereinafter shown; Thompson in the meantime holding the deed, undelivered, as security. At that time, Riefe was owing Edson Keith & Co. six hundred and forty-one dollars and twenty cents, and was owing Johanna Cohn about three thousand dollars. He was insolvent at the time. December 22, 1886, Edson Keith & Co. commenced an attachment suit against Riefe in

the Floyd county district court; and on the twenty-fifth
day of December, 1886, they caused a writ of attach-
ment to issue to Franklin county, where the land in
controversy is situated; and on the twenty-eighth day
of December, 1886, the sheriff of Franklin county duly
levied said writ on said land.    On January 13, 1887,
Edson Keith & Co. commenced a suit in equity in the
Franklin county district court against H. C. and Agnes
H. Riefe and James Thompson, setting forth the exist-
ing facts, and asking that the land attached be sub-
jected to the payment of their debt, and that they have
general equitable relief.    They also asked for, and
obtained and served, a temporary injunction, which
was afterwards made perpetual on final decree, enjoin-
ing all the defendants from conveying or incumbering
the said property until the further order of the court.
On March 29, 1887, Edson Keith & Co. obtained a
judgment for the amount of their claim in their attach-
ment suit in the Floyd county court; and the attachment
was confirmed, and the judgment made a special lien
on the attached property from the date of the levy.    On
the eighteenth day of May, 1887, they filed a transcript
of their said judgment in the office of the clerk of the
district court of Franklin county; and on the same day
they filed an amended or supplemental petition in their
equity suit theretofore commenced by them in the Frank-
lin district court, setting out their judgment, and asking
that the said attached land be decreed to be the abso-
lute property of H. C. Riefe, and that their judgment
be declared a special lien thereon from the date of the
levy of the attachment, and that they have special exe-
cution against the land.    All the defendants filed
separate answers in said suit.    The defendant Thomp-
son filed also a cross petition, in which he claimed that
there was due him, as a part of the purchase money,
the sum of three hundred and sixty-eight dollars and
seventy-two cents, and that he held the title and the

right of possession of the property as security for the payment of his said claim. He asked for judgment for the amount, and that it be adjudged a first lien on the land, and that special execution issue, etc.

On June 14, 1887, a final decree was rendered in said equity suit by said Franklin county district court, wherein it was adjudged that Agnes H. Riefe had no interest whatever in said land, and that H. C. Riefe was the absolute owner thereof, subject to the claim of Thompson for purchase money, and establishing the lien of Edson Keith & Co. as of the date of the attachment, and ordering the lands to be sold under a special execution to be issued therein, and that the proceeds be first applied to the payment of Thompson's claims for purchase money, and next to the payment of Edson Keith & Co.'s judgment. On June 20, 1887, special execution was issued in said case, and was intended and attempted to be levied upon the attached land, and the attached land was intended and attemped to be sold under said execution on July 20, 1887. But by mistake of description the attached land was neither levied on nor sold, but other lands were so levied on and sold by mistake, which lands were in nowise involved in the suit, nor did Riefe have any interest whatever in them, nor were they subject to such levy in any way. At such sale, T. Binford was the execution purchaser. On July 5, 1888, said Binford filed a motion in said court to set aside said sale, under the provisions of the statute in such cases, having served notice of the same on all parties to the case. On October 22, 1888, this motion was sustained, and the sale was set aside, and the judgment and decree were reinstated, and another special execution was ordered against the attached land, the same as if no prior execution had been issued, or prior sale made; and such execution was issued November 19, 1888, and levied on said land November 21, 1888, and the land was duly sold thereunder on the

twenty-ninth day of December, 1888 to Edson Keith, plaintiff herein. In pursuance of such sale the sheriff duly issued a sheriff's deed for the land to said Edson Keith on December 31, 1889, and on the title thus acquired he now stands in this court.

On the thirteenth day of January, 1887, Johanna Cohn commenced an attachment suit against Riefe in the Floyd county district court. On January 14, 1887, she caused a writ of attachment to issue to Franklin county, which was levied on the land in controversy. On January 19 she also commenced an action in equity in aid of her attachment, and asked for, and obtained, a temporary injunction, restraining the defendants from disposing of, or incumbering, the land until the further order of the court; and such action is still pending, no further proceedings having ever been had therein. The writ was served on the various defendants January 20 and 21, 1887. The plaintiff was not a party to that suit. On February 9, 1887, she obtained a judgment on her claim. On February 12, 1887, she commenced an action in equity in the Floyd county district court to subject the attached land to the payment of her judgment, and she obtained a decree in said suit on the fifteenth day of November, 1889. Nor was plaintiff a party to this suit. On the twenty-first day of March, 1890, she caused special execution to issue against said land, and levied the same thereon, and on the twenty-fifth day of April, 1890, caused the land to be sold thereunder at sheriff's sale, at which sale she became the execution purchaser, and received from the sheriff a certificate of sale therefor. In this action W. T. O. Rule, as sheriff of Franklin county, is a party defendant, and the action is aided by an injunction restraining the execution of a deed to the defendant. Each party, upon averments of ownership, asked to be decreed the owner of the land, and that the title be quieted. The district court gave judg-

ment for the plaintiff, and the defendants appealed.—
*Affirmed*.

*Ellis & Ellis*, for appellants.

*Binford & Snelling* and *Taylor & Evans*, for
appellee.

GRANGER J.—I.   We should first determine the
effect, as to the defendants, of the decree entered June
14, 1887, in the suit of Edson Keith & Co.
*v.* Riefe and wife and Thompson.   The
argument makes it important to have in
mind that Edson Keith & Co. commenced two suits,
one at law in Floyd county, against H. C. Reife, upon
its claim, aided by attachment, and levied on the land
in question December, 1886.   Final judgment was
entered in the suit March 29, 1887, on the claim, and
sustaining the attachment.   The suit in equity was com-
menced January 13, 1887, in Franklin county, where
the land is situated, with Riefe and wife and Thompson
as defendants, and the relief sought was that the land
be subjected to the payment of the debt being prose-
cuted to judgment in the law action.   After the entry
of judgment in the law action the petition in the equity
action was so amended as to recite the fact of the judg-
ment in the law action, and to ask that the attachment
in that action be decreed, in the equity action, a lien on
the land, and that the plaintiffs have  a  special execu-
tion.   Such a decree was entered, subject to a prior
lien decreed in favor of the defendant Thompson, on
his cross action, for an unpaid balance on the purchase
price for the land.

1. LIS PENDENS:
notice:
priority of
liens.

The contentions of counsel render dates quite impor-
tant.   On the same day that Edson, Keith & Co. com-
menced its equity action in Franklin county, January 13,
1887, Johanna Cohn commenced her law action, aided
by attachment, in Floyd county, and on the next day

levied on the land.    The judgment in the law action of
Edson Keith & Co. was entered March 29, 1887, and
the same was pleaded in the equity suit May 18, 1887.
The appellants urge that the equity suit was not "pend-
ing to subject the land in controversy until the filing
of their amendment to their petition on the eighteenth
of May, 1887." It is said that "an amendment can
not be made the basis of a decree having effect before
the filing thereof," and some authorities are cited.
It seems to us the proposition does not admit of a
doubt, and we think that prior to the amendment the
action was not pending to subject the land to the pay-
ment of a judgment, nor did it purport to be such.   It
was, however, an action to subject the land to the pay-
ment of a claim pending for judgment.

It is also urged that a creditor, before judgment,
can not maintain a suit to set aside a fraudulent con-
veyance; and, besides authorities cited claimed to sup-
port such a rule, we are cited to Code, section 3150:
"At any time after the rendition of a judgment, an
action by equitable proceedings may be brought to
subject any property, money, rights, credits or interest
therein, belonging to the defendant, to the satisfaction
of such a judgment." Without an intimation that we
are in accord with such a view, we may say that, if the
view is sustained, we do not see how it affects the
validity of the decree assailed, for the reason that
nothing in any case, or the statute quoted, can be con-
strued as holding that a decree entered upon such a
state of facts would not be a perfectly valid decree,
when it became final.    Conceding that in that case,
upon proper issues made, the defendants would have
been entitled to a decree, still it was but an erroneous
judgment of the court, in a matter of which, both as
to persons and the subject, it had complete jurisdic-
tion; and, upon undoubted and unbroken authority,
such a decree is as valid and binding when it becomes

final as if not erroneous. We now speak of a decree as between the parties to it.

The appellants contend that, even if the decree, as between the parties, is valid, yet, as to other parties claiming rights, it is not so. The rights of the parties to this suit depend upon the priority of their liens. If the defendant had a lien prior to that of the plaintiff, the decree in that suit would not bind her, for she was not a party thereto. But, if she had no lien before the commencement of the equity action, she could not, by a levy thereafter, create a lien, or acquire an interest against that of the plaintiff in the action. Such is the language and spirit of Code, section 2628. The plaintiff, or Edson Keith & Co., by attachment, levied on the land December 28, 1886. January 13, 1887, it commenced its suit to subject the attached property to the payment of the debt. The defendant has no pretense of a lien prior to January 14, 1887, when the attachment was levied. The lien of the plaintiff is as conclusive as if Riefe and wife had on the thirteenth day of January, 1887, in good faith, made their mortgage to create one; and, because of the pendency of the suit, third persons were required to take notice of it. Code, section 2628.

II. The appellants say: "We doubt whether a correction of this decree, so as to affect the land in question, could be made, after the death of Agnes H. Riefe, without her heirs at law, to whom the real estate descends, being made parties to the proceedings. We are, however, quite certain that no execution could issue for the sale of this land upon a corrected decree, or upon any decree or judgment against Agnes H. Riefe, after her decease, without first re-establishing the right so to do by proper order, made in accordance with Code, section 3092, which provides the only method for selling such real estate upon execution." Both parties

2. ACTION to quiet title: conflicting claims from same source: estoppel.

are in court, claiming title to the land in question under decrees, and adjudging it to have been the land of H. C. Riefe, and not that of Agnes H. Riefe. For the purposes of this suit, therefore, the ownership will be presumed to have been in H. C. Riefe. The principle is not different from a case in which parties contest for the title to land, each of whom traces his title to a common grantor. It may well be said that the issues in the case concede that H. C. Riefe was the owner of the land. Therefore, for the purposes of this suit, Agnes H. Riefe should be regarded as having no such interest as that her presence, or that of her heirs, was necessary. The administrator of his estate was served with notice of the pendency of the motion to correct the decree. The utter inapplicability of Code, section 3092, to this case must be apparent. The section is a provision for cases in which a judgment has been obtained against a party in his lifetime, or the executor of his estate, and there is an attempt to subject the real estate to the payment of the unpaid judgment. Mrs. Riefe was not a judgment debtor.

III. The execution upon which the land was sold and purchased by the plaintiff issued in the equity suit,

3. ATTACHMENT on land: equity suit in aid of: execution.

and it is urged that it should have been in the law case. The decree in the equity case directed the issuance of the execution, and, even if error, it is not available in this proceeding to defeat the title of the plaintiff. The difference in no way affected the defendants.

IV. Claim is made that the decree is void because of the adjudication upon the answer of James Thompson in the equity case of Edson Keith &

4. ACTION to subject land to debt: validity of decree: right to question.

Co. The adjudication in favor of Thompson was a judgment establishing his claim for the unpaid balance of the purchase price of the land against H. C. Riefe, and a decree against all parties, making his claim the first lien. It is

said that Riefe and wife, after filing their answer, did not appear further, and that the answer was not a cross petition. The answer states the facts as to his claim, and, as against all the parties, asks the relief granted. We think such a pleading is in the nature of a cross petition. But, aside from this, the decree in favor of Thompson, if void, would not render that in favor of the plaintiff void. It was entirely independent of the issues on which Keith & Co.'s relief, against Riefe and wife, was granted. The plaintiff in that action could not control the matter of notice upon the cross petition.

V. In the original decree one of the descriptive words of the land was erroneously written as "north-

**5. DECREE for sale of land: erroneous description: correction: intervening lien: effect on title.** west," for "southwest," or it was so illegibly written that it could not be known which descriptive word was intended. When the decree was corrected the description was made certain and correct. The description of the land was not a matter of controversy on the trial. The correct description appeared in other places in the decree, and the execution upon which the land was finally sold contained a correct description. There is nothing in these facts to invalidate the title of the plaintiff.

VI. The appellant asks, if the appellee's title is confirmed, that she be permitted to redeem from the

**6. EXECUTION sale: equitable right to redeem.** sale. This is what should have been done at the outset. At every step, both in the legal and equitable proceedings, Keith & Co. was prior in its efforts to obtain a lien, and, as we hold, had the priority. Its claim was small, and could have been discharged by the appellant, with a large advantage to herself. Instead of doing so, she elected to contest for a priority of liens. Her claims to priority have not the support of equitable considerations, but are based largely upon objections to the

forms and methods of procedure after the institution of the suit by Keith & Co. With a purpose to defeat the lien or title of the plaintiff *in toto*, she has permitted the statutory period of redemption to pass without in any way making an offer, or manifesting a disposition, to redeem. Equity will sometimes grant such relief, but not upon the facts of this case.

We do not think it necessary to consider further questions in the case. The decree of the district court is in harmony with our views, and it is AFFIRMED.