## GERMANIA NAT. BANK v. DUNCAN.

No 7519—Opinion Filed Oct. 31, 1916.

Rehearing Denied Jan. 9, 1917.

(161 Pac. 1077.)

1. **Divorce—Alimony—Lien of Judgment—Priority.**

Where the wife files a suit for divorce and alimony, and in her petition describes specifically certain real estate, the property of her husband, and seeks to prevent its alienation, and asks that the same be subjected to her claim for alimony, and service of process is had upon the husband in due time and in manner and form provided by statute, and the cause is afterwards reduced to judgment awarding her said property as alimony, her claim and right is superior to the lien of an attaching creditor of the husband, who sues and attaches after the institution of the action by the wife for divorce and alimony.

2. **Same—Intervention by Wife.**

The wife properly intervened in the suit of the creditor and asserted her prior claim to said property, and the judgment of the court in her favor is sustained by law.

(Syllabus by Hooker, C.)

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by the Germania National Bank, a corporation, against F. M. Duncan, Jr., and another, in which Grace Duncan intervened, seeking the discharge of an attachment. There was a judgment for intervenor, and plaintiff brings error. Affirmed.

J. F. King, for plaintiff in error.

W. K. Moore, for defendant in error.

Opinion by HOOKER, C. The bank sued F. M. Duncan and another to recover a judgment upon a promissory note. The suit was filed in the district court of Kay county on March 24, 1915, and summons was issued on

GERMANIA NAT. BANK v. DUNCAN 145

the same day, and at the same time attachment was issued in said action against the property of the defendant F. M. Duncan, and levied upon the farm in controversy here, on March 24, 1915.

On June 4, 1915, one Grace Duncan filed her motion to discharge said attachment and to release said farm therefrom, alleging that on January 22, 1915, she was the wife of F. M. Duncan, and that on said date she instituted a suit against him in the district court of said county for divorce and alimony, and that in her petition she had specially mentioned and described the farm levied upon here and had asked that the same be held subject to her claim for alimony. That she obtained service by publication, and that on April 7, 1915, she procured a judgment for divorce, and was in that decree awarded this farm as permanent alimony. The motion to release the farm and to discharge the attachment was heard and sustained by the court on June 15, 1915.

There are two questions to be determined by this record: (1) Did Grace Duncan by virtue of her petition and publication service acquire a lis pendens lien upon said farm? If so, is her lien which was subsequently reduced to a judgment superior to the attachment claim or lien of the bank here?

This court in the case of McWhorter v. Brady et al., 41 Okla. 387, 140 Pac. 784, said:

"The doctrine of lis pendens, under the common law, was based on the theory of public policy, while, under our statute, it appears to be treated as an element of the law of notice. It has been said (25 Cyc. 1451) 'that it is essential to the existence of a valid and effective lis pendens that three elements be present: (1) The property must be of a character to be subject to the rule; (2) the court must have jurisdiction both of the person and the res; (3) and the property or res involved must be sufficiently described in the pleadings.'

"There is no question concerning the first and second elements above named. Let us examine as to the third. In 25 Cyc. 1462, it is said: 'A purchaser or mortgagee or other person who would otherwise be affected by the rule of lis pendens is not affected by the pendency of an action, unless the pleadings therein, at the date of the purchase or the acquisition of rights, describe the property as to which the rule is sought to be applied so as to enable the purchaser or other third person to ascertain its identity. The property is sufficiently described, it would seem, although not described by metes and bounds, if described with reasonable certainty, that is, if enough is alleged to enable a person upon reasonable inquiry, to identify the property and ascertain the object of the suit.'

"It is earnestly contended by plaintiff in

error in his brief that the statute is no broader than the common-law rule, and that the averments of the petition must be so definite that any one on reading it can learn what property was intended to be made subject of recovery. With this contention we cannot fully agree, for that the statutory rule governing lis pendens is broader and more comprehensive than the common-law rule, in that the statutory lis pendens partaking, as it does, of the nature and doctrine of notice, makes notice the channel or means through or by which, the real object and purpose of lis pendens is attained. * * * The statute makes a pending suit constructive notice and requires intending purchasers to exercise a reasonable care and diligence in ascertaining the nature of a pending suit; this requirement is everywhere recognized and abstracters are required to examine the records in the district clerk's office in order to ascertain whether the land, for which they are making an abstract of title, is involved. * * *"

Our statute (section 4732) provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition."

The record here shows that the statutory requirement as to publication was complied with.

This court also in Shufeldt v. Jefcoat et al., 50 Okla. 790, 151 Pac. 595, said:

"A purchaser pendente lite of property actually in litigation, for value and without actual notice in fact, takes with notice of the action. * * *"

1 Story, Eq. Jurisprudence, sec. 405, provides:

"A purchase made of property actually in litigation pendente lite, for the valuable consideration and without any express or implied notice in point of fact, affects the purchaser in the same manner as if he had such notice, and he will accordingly be bound by the judgment or decree in the suit."

Also in Baker v. Leavitt, 54 Okla. 70, 153 Pac. 1099, this court said:

"A final judgment of a court of competent jurisdiction is conclusive between the parties and their privies in a subsequent action involving the same subject-matter, not only as to all matters actually litigated and determined in the former action, but as to all matters germane to issues which could or might have been litigated and determined therein."

"One who purchases real property from a party to an action involving the title thereto, after the institution and during the pendency of such action, is bound by the judgment rend-

ered therein against his grantor, and acquires no greater rights than his grantor."

For further authority, see Holland v. Cofield, 27 Okla. 469, 112 Pac. 1032.

In the case of Garver v. Graham, 6 Kan. App, 344, 51 Pac. 812, it is held:

"Where the defendant in an action for a' divorce brought by her husband filed an answer and cross-petition denying the grounds alleged by the plaintiff, setting up grounds for a divorce in her favor, that she was the owner of certain lands, describing them, and that her husband was the owner of certain other real estate and personal property, describing it, and praying that a divorce be granted her, that the real estate then in the name of her husband, described in her answer, might be decreed to her, that alimony be granted, and that all the property both personal and real be appropriated to satisfy the decree, held, that such answer and cross-petition brought the property described within the jurisdiction of the court, and that a person subsequently taking a mortgage thereon from the husband only, is bound by the judgment and decree thereinafter rendered."

In the case of Wilkinson v. Elliott, 43 Kan. 590, 23 Pac. 614, 19 Am. St. Rep. 158, it is said:

"Where the wife files a petition asking for a divorce and for alimony, in which she definitely describes certain real estate of the husband, and prays that it may be set apart and decreed to her as permanent alimony, the doctrine of lis pendens will apply.; and any one who purchases such property during the pendency of the action will be bound by the judgment subsequently rendered therein."

In Tolerton v. Willard, 30 Ohio St. 579, it is said:

"If a petition for divorce and alimony by the wife specifically describes certain real estate of the husband, charging it with equities of the wife, and asking an injunction to prevent alienation pendente lite, and also equitable relief, and the decree therein is such as that from it, it may be found that the court acted on those equities and favorably thereto, the proceedings operate as a lis pendens, and the decree for alimony and settling equities will be a lien on the lands, preferable to that of a mortgagee who had actual notice of the proceedings for divorce and alimony, and whose mortgage was executed and recorded, pending those proceedings."

In the case of Thomas v. Hillhouse, 17 Iowa, 67, it is held:

"No attaching creditor can acquire through his attachment a higher or better right to the property or assets attached than the defendant had when the attachment was levied, unless he can show some fraud or collusion by which his rights have been impaired."

See, also, Drake on Attachment, sec. 223.

In Harshberger v. Harshberger, 26 Iowa, 503, it is said:

"The district court of the county where the plaintiff resides, having jurisdiction of the cause in an action for divorce and alimony, may rightfully declare and enforce a lien for alimony granted in the action against real estate of the defendant situated in another county. And such lien will have priority over an attachment issued in an action commenced in the county where the land lies, and which was not levied thereon until after the rendition of the decree granting alimony, though before a transcript thereof was filed in the latter county."

See, also, Vanzant v. Vanzant, 23 Ill. 536; Daniel v. Hodges, 87 N. C. 95.

By reference to volume 6, Corpus Juris, p. 286, under the title "Attachment," sec. 547, we find the following rule:

"The rights of an attaching creditor with respect to the property attached must be determined by the state of the title at the time when the attachment was made. He is not in the position of a bona fide purchaser for value, but obtains only the rights which the debtor had in the property at that time, and is postponed to liens or claims of other persons upon or to the property, which became effective before the attachment, except in so far as he may avail himself of fraud in a transaction affecting the property. * * *"

Section 548:

"The rule which has just been stated that an attachment creditor acquires only the rights which the debtor himself had in the attached property applies where the debtor holds title to the property subject to a valid outstanding charge or lien, whether such lien is based upon a contract or agreement between the debtor and the lienor as in the care of a mortgage, or pledge, or arises by operation of law, as in the case of a lien for rent, wages, taxes, customs duties, or labor or materials furnished for the construction of a building or vessel, a carrier's lien, or the lien created by the filing of a lis pendens."

In the case of Bank v. McDermott, 99 Ala. 79, 10 South, 154, it is said:

"When process, in an action by creditors to set aside as fraudulent a sale of a stock of goods, is served prior to the levy of defendant's attachment, the attachment lien is subordinate to the lien of the process."

Also in the case of Cotton v. Dacey (C. C.) 61 Fed. 481, it is there held:

"One who attaches land after a bill to establish an equitable interest in the land has been filed, but before service of process in such suit has been made on him, and who does not obtain judgment in his action until such service has been made, does not acquire. by his action, any rights in the land superior to the equities set up in the bill."

In the case of Keither v. Losier et al., 88 Iowa, 649, 55 N. W. 952, the Supreme Court of Iowa said:

"Section 2628 of the Code provides that, during the pendency of an action affecting real estate, no interest can be acquired by third persons in the subject-matter, as against plaintiff's title. Held, that the filing of a bill in equity to subject certain land to the payment of a claim pending for judgment gives a lien on the land so affected, superior to that created by an attachment levied after the filing of the equity bill."

Also in the case of Puckett v. Benjamin, 21 Or. 370, 28 Pac. 65, it is held:

"(1) Plaintiff purchased a one-half interest in defendant's stock and ranches in Colorado, and took charge of the business. Defendant came to Oregon, and afterwards it was agreed to exchange the property in Colorado for that in controversy. While plaintiff was yet in Colorado the exchange was made, and without his consent the Oregon property was conveyed to defendant alone, and was operated in his name. Held, that an undivided one-half interest in the property was held by defendant in trust for plaintiff."

"(2) This suit having been commenced, and lis pendens filed before taking judgment in a suit in attachment which was levied on the property in controversy by a creditor against defendant, plaintiff's equities were not affected by such judgment."

In the case of Hines v. Duncan, 79 Ala. 112, 58 Am. Rep. 584, it is said:

"But it may be asserted as a general proposition, settled by our former decisions, that a bill in equity brought to subject her separate property to the satisfaction of her contracts, followed by service of process, creates a lien upon the specific property sought to be subjected. Such bill and service of process thereon are in the nature of an equitable levy, and give the court control of the property, which it will not permit to be withdrawn by any subsequent act or title, so as to render the suit ineffectual. In the absence of such bill she may dispose of her property, and a purchaser would acquire title, though he had notice of her debts; but after such suit is instituted, she is not authorized to make a disposition of it by sale or otherwise, or to materially change its status. The lien thereby acquired may be defeated or lost by a failure to prosecute the suit to a final decree of condemnation and sale; but it becomes specific when the suit is prosecuted to a final decree. Miller v. Sherry, 2 Wall. 237 [17 L. Ed. 827].

"It may be said that the lien, being inchoate, will not prevail over a right of homestead exemption acquired by subsequent occupancy, and before the lien is consummated and made specific by a final decree in the suit. The lien acquired by the levy of a writ of attachment is only inchoate, dependent upon the rendition of judgment. If no judgment is rendered, the lien is lost; but if judgment is obtained, it overrides and defeats any conveyance of the

property, subsequent to the levy and prior to the judgment. Reed v. Perkins, 14 Ala. 231. * * * When a final decree is made, it relates to and takes effect from the date of the service of process. By the final decree the lien is made specific from this date and overrides and defeats all intervening rights and titles. By no subsequent act of the debtor can the lien be defeated."

It appears that when the wife instituted her suit for divorce, she prayed for alimony and specifically described this farm in her petition as the property of the defendant F. M. Duncan, and also asked that he be enjoined from alienating it, and that the same be subjected to her claim and right of alimony. She sought to impress this land with a lis pendens lien for alimony, and in our judgment did so.

The court had jurisdiction of the parties and the property; the petition accurately described the property, and summons was had in due time as required by law, and the property was of that character to be subject to the rule. She thereby acquired an inchoate right or lien upon this property which by the judgment of the court subsequently ripened into and became absolute, and the plaintiff in error as an attaching creditor pendente lite has no right in or to said property by virtue of its attachment lien, superior to the claim of the defendant in error Grace Duncan.

The judgment of the lower court is therefore affirmed.

By the Court:  It is so ordered.