No. 23,650.

THE PEOPLES STATE BANK, *Appellant*, v. W. F. TROUTMAN, as Sheriff of Montgomery County, *Appellee*.

SYLLABUS BY THE COURT.

1. LIENS—*Action Pending—Judgment Lien Prior to Attachment Lien Acquired Pendente Lite*. When an action is begun alleging a mining partnership between plaintiff and defendant, and that plaintiff had advanced expense money on the partnership account, and that the defendant owed the plaintiff therefor, and plaintiff alleged and claimed a first lien on the defendant's interest in the property to satisfy its claim, a later attachment of defendant's interest in the parnership property by another creditor is an attachment *pendente lite,* and when the first plaintiff's claim to a lien is perfected by a judgment in its favor such lien has precedence over the attachment.

2. SAME—*Priorities*. An attachment of property *lis pendens* does not displace the rights of parties in litigation already pending in which their claim to a lien is in course of determination, and when such prior asserted lien is vindicated and perfected by a judgment, the satisfaction of such judgment has precedence over the rights acquired by the attaching creditor.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed July 8, 1922. Affirmed.

*James A. Brady,* of Cherryvale, for the appellant.

*S. H. Piper,* and *W. B. Grant,* both of Independence, for the appellee.

The opinion of the court was delivered by

DAWSON, J.:   This was a suit to enjoin the sheriff from selling an interest in a certain leasehold and certain oil-drilling equipment to satisfy a judgment, on the ground that plaintiff had procured an attachment on the property prior to the date of the judgment.

Bank v. Troutman.

The outstanding facts are these:  In June, 1919, the Atlantic Petroleum Company commenced an action against J. T. Pringle, alleging that it owned a three-fourths interest in the property in dispute and in other property, that Pringle owned the other one-fourth interest, that the Atlantic company and Pringle had drilled for oil and gas thereon, that the property was producing gas and oil in paying quantities, and that the Atlantic company had advanced over $4,000 in this mining venture and that Pringle owed it one-fourth of that sum, and it claimed a first lien on Pringle's interest to satisfy its claim.

On August 20, 1920, the plaintiff bank sued Pringle on an indebtness of $5,200 and attached his interest in the oil leasehold and equipment.

On September 13, 1920, judgment was entered against Pringle as prayed for in the action brought by the Atlantic Petroleum Company, and its claim was declared to be a first lien on Pringle's interest, and execution was ordered thereon.

On October 16, 1920, judgment in favor of the plaintiff bank was entered against Pringle, and its attachment issued on August 20, 1920, was also declared to be a first lien on Pringle's interest.

Pursuant to an execution issued to satisfy the judgment of the Atlantic Petroleum Company the sheriff was about to sell Pringle's interest, and this action was begun.  A temporary restraining order was issued, but after a demurrer was filed and a certain admission was made touching the nature of the Atlantic Petroleum Company's case, the court dissolved the restraining order, and sustained the demurrer.

This is a one-point case.  While it is true that plaintiff's cause of action was good as against the demurrer alone, it was not good when the admission concerning the nature of the earlier case was considered therewith.  It might have been better to have brought into the record more formally the files of the earlier case, so that the precedence of the Atlantic Petroleum Company's right to a lien would have appeared more clearly; but the statement in defendant's brief as to the nature of the admission is not disputed, and it would serve no purpose to rest our judgment on a mere technicality which would only cause delay and expense and which eventually would have to end with the same result as the one already reached.  So we will go to the main question.  When the Atlantic Petroleum

Company commenced its action with timely service of summons, claiming a prior lien on Pringle's interest, the later attachment by the bank was an attachment *pendente lite*. If the Atlantic Company had failed in its case the bank's attachment would have been a first lien. But in attachment a creditor or claimant only seizes what his debtor has—no more; the seizure reaches no further. It does not affect prior claims on the property which are in course of judicial determination. Pringle's interest was subject to the Atlantic company's claim *lis pendens* at the time the attachment issued. When the Atlantic company's claim was perfected by the judgment, it was thereby determined that its claim to a first lien made when the action was begun was correct. It therefore had precedence over the bank's attachment. (Gen. Stat. 1915, § 6977; *Holden v. Garrett*, 23 Kan. 98; *Markley v. Investment Co.*, 67 Kan. 535, 73 Pac. 96; *Good v. Williams*, 81 Kan. 388, 389, 105 Pac. 433; *Fairbanks, Morse & Co. v. Inglitt*, 106 Kan. 488, 491, 188 Pac. 248; *Kindig v. Richardson*, 108 Kan. 218, 194 Pac. 920; *Cotton v. Dacey*, 61 Fed. 481; *Jefferson County Savings Bank v. McDermott et al.*, 99 Ala. 79; *Thomas v. Hillhouse*, 17 Iowa, 67, 71, 72; *Keith v. Losier*, 88 Iowa, 649; *J. I. Case Threshing Mach. Co. et al. v. Walton Trust Co. et al.*, 39 Okla. 748, 754; *Germania Nat. Bank v. Duncan*, 62 Okla. 144, 161 Pac. 1077; 25 Cyc. 1457, 1458, 1460; 6 C. J. 286.)

Judgment affirmed.