### FLANAGAN v. CLARK et al.

No. 20810. Opinion Filed April 12, 1932.

H. H. Hagan and T. Austin Gavin, for plaintiff in error.

Wilcox & Swank, for defendants in error.

HEFNER, J. On March 3, 1927, J. P. Flanagan obtained a personal judgment in the district court of Tulsa county against F. E. Clark in the sum of $41,000. At and prior to the rendition of this judgment, there was pending in the district court of Payne county an action brought by L. D. and Charlotte A. Stover against F. E. Clark to cancel certain mineral grants executed by them to Clark. The action was predicated on the theory that Clark had, through laches and breach of contract on his part, lost his right to the mineral grants. Clark filed a cross-complaint against the Stovers, in which he claimed the sum of $25,000 damages against them because of breach of contract on their part.

After the execution of the mineral grants by the Stovers to Clark, the latter executed oil leases on the land to certain oil companies then operating in Payne county. Before judgment was rendered in either the action brought by Flanagan in Tulsa county, or the one brought by the Stovers in Payne county, plaintiff Flanagan filed a notice in the office of the court clerk of Payne county, designated by him as lis pendens, in which he advised the public that he had filed a suit to recover money judgment against Clark in the district court of Tulsa county, and that he had issued a garnishment summons in said action and served the same on certain oil companies in Payne county, to empound any funds which were being held by them awaiting the result of the case between the Stovers and Clark then pending in the district court of Payne county. The notice further provided that any disposition of the Payne county action, without regard to the claim of plaintiff in his suit against Clark in the district court of Tulsa county, would be treated by him as void and in fraud of his rights. He also mailed a letter to the same effect to both L. D. and Charlotte A. Stover and their attorneys.

Notwithstanding the service of this notice, an agreed judgment was entered in the Payne county suit between the Stovers and Clark, wherein the mineral grants executed by the Stovers to Clark were canceled and Clark allowed the sum of $10,000 as damages on his cross-complaint. The judgment was promptly paid by the Stovers. Plaintiff Flanagan then brought this action in the district court of Payne county against all parties to the other suit, in which he alleged the service and filing of the notice above set out, and further alleged that the judgment in that case was entered in violation of the notice and in fraud of his rights, and prayed that the judgment be set aside; and the parties be placed in their original positions, and that he, Flanagan, be permitted to intervene and litigate the case between Stover and Clark, and that in the event judgment be entered in favor of Clark, in that action. the recovery should be empounded for the satisfaction of the judgment rendered in his favor against Clark in the district court of Tulsa county. To this petition, defendants filed a demurrer, and, after a hearing thereon was continued from time to time, the same was finally sustained in the absence of counsel for plaintiff, and plaintiff's cause of action was dismissed. Plaintiff thereafter filed a motion to vacate the judgment on the ground that the demurrer was sustained and his action dismissed in the absence of his counsel. The motion to vacate was denied, and to review the judgment plaintiff has appealed to this court.

It is plaintiff's contention that the court abused its discretion in sustaining the demurrer and dismissing the action in his absence. The question, however, for our determination is, Does plaintiff's petition state facts sufficient to constitute a cause of action. If no cause of action is pleaded by plaintiff, there was no error in sustaining a demurrer thereto, even though rendered in the absence of counsel. Plaintiff cites no authorities to sustain his right to maintain an action of this character, and we know of none. He had no interest in the cause of action between the Stovers and Clark in Payne county, and had no right to intervene therein. The doctrine of lis pendens relied upon by plaintiff has no application to an action of this kind.

In 17 R. C. L. 1019, the following rule is announced:

"To constitute a valid lis pendens the litigation must be about some specific thing, which must necessarily be affected by the termination of the suit; the court must have jurisdiction both of the person and the property, and the property must be specifically described in the proceedings."

The doctrine of lis pendens has no application to an action for the recovery of money only. Stone v. Equitable Mort. Co. (Ohio App.) 158 N. E. 275; Horney v. Price (N. C.) 128 S. E. 323.

In our opinion, plaintiff has failed to state a cause of action.

The judgment of the trial court is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. RILEY, J., absent. KORNEGAY, J., dissents.