BOWMAN v. BOWMAN et al.

No. 33542. April 19, 1949.

Rehearing Denied May 17, 1949.

*206 P. 2d 582.*

Hugh Conway, of Enid, for plaintiff in error.

Otjen & Carter, of Enid, for defendants in error.

HALLEY, J. The plaintiff, Ollie Bowman, commenced this action against the defendant Thomas Pierce (or T.P.) Bowman on July 11, 1947, praying for a divorce, and also alleging that the real estate described in her petition stood in the name of the defendant but was paid for with her money, and praying that the court award such real estate to her and that the defendant be restrained from encumbering or alienating the land, and that he be required by the court to convey the same to her.

On the same day, summons and restraining order were issued, but the defendant could not be found in Garfield county.

On July 19, 1947, the defendant, not having been served with summons or restraining order, executed a deed conveying the four lots involved to Floyd V. Jones and wife.

On July 25, 1947, Floyd V. Jones and wife were ordered made parties defendant, and on July 26, 1947, the plaintiff amended her petition making these parties defendants, and alleged that the deed to them was void because the land constituted the homestead of herself and her husband, T. P. Bowman, and that she had not joined in the deed to Jones and wife, and that such conveyance was part of a scheme to cheat and defraud her.

T. P. Bowman, having been served by publication, filed answer and cross-petition on September 16, 1947, denying that the plaintiff was or ever had been his wife, and alleging ownership of the lots conveyed by him to Jones and wife, denying that it was ever occupied by him or any member of his family as a homestead, and praying that plaintiff be barred from any interest in the land, and that title be quieted in his grantees, Floyd V. Jones and wife.

At the conclusion of the trial, the court found that the plaintiff and defendant were husband and wife, as alleged by her; that during the marriage relationship the defendant had come into possession of $1,200 in sep-

arate funds of the plaintiff, and had not repaid her. The court further found that the only innocent parties involved were Floyd V. Jones and his wife, and stated:

"I am not disposed to construe the rights of the plaintiff strictly against Jones. I don't like this case. I dont' like the attitude of the plaintiff in the case. She has been married four times, and relying upon a common-law marriage, a woman here, aged 35, 40 or 50. I don't like her attitude about this matter. . . . "

In the journal entry, the court found that the original petition filed by the plaintiff "was not sufficient to apprise such defendants (the Joneses) that the plaintiff was claiming a homestead interest in said premises; and was not sufficient, all circumstances considered, to justify this court in divesting said defendants of their title, in favor of the plaintiff."

Judgment was entered granting the plaintiff a divorce, the restoration of her maiden name, and judgment against the defendant T. P. Bowman for $1,200, and quieting title to the lots involved in Floyd V. Jones and wife.

The court states that T. P. Bowman denied that he ever occupied as a homestead the land involved. The testimony of disinterested witnesses shows that he and his wife discussed building a house upon this land for a home, but decided to wait until the price of lumber and labor became less; planted an orchard and vines, and constructed a livable garage, wherein T. P. Bowman lived from January to April, 1946; and that Mrs. Bowman, being on night duty at the hospital at Enid, went to the garage in the daytime, but sometimes slept during the day at the nearby home of a relative. The fact that she spent only daylight hours there is of no significance. She worked at night.

The judgment rendered appears to have been based upon the ground that the lis pendens statute was inapplicable and not binding upon the defendants Floyd V. Jones and wife, because the homestead claim was not made by the plaintiff in her original petition, but only after Bowman conveyed the land. The undisputed facts show that the petition in this case was filed July 11, 1947; that a summons and restraining order was immediately issued on July 11, 1947, and returned because the defendant T. P. Bowman could not be found in Garfield county; that an alias summons was issued July 21st and another on July 26th, and returned unserved. The first publication notice was published August 8, 1947, just 27 days after the filing of the petition. The record shows that T. P. Bowman was in Garfield county on July 19, 1947, when his acknowledgment was taken by a notary public to the deed whereby he conveyed the land in question to Floyd V. Jones and wife.

The lis pendens statute applicable in this case is found in Title 12, O.S. 1941, §180, and is as follows:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of the pendency, and while pending no interest can be acquired by third persons in the subject matter thereof as against the plaintiff's title, but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after filing of the petition."

The first proposition argued by the plaintiff in her appeal is that the court should have kept the subject matter of this action, the real estate, under control through a proper application of the lis pendens statute, and awarded the land to the plaintiff. We do not understand how or on what ground the court doubted the sufficiency of the above statute as to Floyd V. Jones and wife, in view of the facts recited above and the plain wording of the statute. The suit was filed on July 11th; the first publication notice was published 27 days thereafter. The very purpose of this statute is to hold the subject matter of litigation within the control of the court until the case is finally disposed of. It is designed to prevent the very thing that has occurred here—the trans-

fer of title to land involved in litigation—which, if permitted, would result in endless litigation. Daniel v. Hill, 106 Okla. 272, 235 P. 1090.

The defendants Floyd V. Jones and wife admit that they were bound by notice of the plaintiff's action and claim, but say that since the court did not find for the plaintiff with respect to the land, they are not in any manner affected by the lis pendens statute.

All of the findings of the trial court were for the plaintiff, except the very important finding that Mr. Jones and his wife were the only innocent persons involved in this litigation and should be protected. In this the court erred, as the record title was sufficient to put the Joneses on notice that the plaintiff might have some interest in the land, since it was shown to have been acquired during coverture and after our community property law became effective in 1945.

We think the evidence clearly establishes that the money which the plaintiff turned over to her husband was traced into the land involved in this action. We think the trial court properly found that the defendant T. P. Bowman acquired $1,200 of the plaintiff's money, which she had received from the sale of a farm which she owned in Kansas before she married Bowman. Part of such money is traceable into the nursing home in Joplin, into the Bickel property in Enid, and thence into the lots involved in this action.

The filing of the petition of the plaintiff herein was sufficient to charge the world with notice that the land involved was in litigation, and the above-quoted statute clearly states that no interest could be acquired therein by third parties pending litigation. The effectiveness of the lis pendens statute has been considered by this court in a number of cases. McWhorter v. Brady, 41 Okla. 383, 140 P. 782; Germania National Bank v. Duncan et al., 62 Okla. 145, 161 P. 1077; Guaranty State Bank of Okmulgee v. Pratt et al., 72 Okla. 244, 180 P. 376. We conclude that the lis pendens statute is applicable, and sufficient in this case to prevent Floyd V. Jones and wife from acquiring any interest in the land pending the litigation between the plaintiff and her husband, and that the court committed error in awarding the land to Floyd V. Jones and wife, and not to the plaintiff.

The plaintiff urges that the deed executed by Bowman was void because not joined in by her as his wife. We think the evidence is sufficient to justify a finding that the land constituted the homestead of the plaintiff and her husband on the date of its conveyance, because the undisputed facts show that it acquired the homestead character, and there is no substantial evidence showing that it was ever abandoned. No other homestead was acquired by these parties, and the only way that it could have been abandoned would have been for both parties to have left the property with a definite intention never to return to it as a home. It has been held numerous times that leaving a homestead and renting the same did not constitute an abandonment thereof. The land was rented in December, 1947, for a term of one year. This constituted no abandonment. Long v. Talley, 84 Okla. 38, 201 P. 990; German State Bank v. Ptachek, 67 Okla. 176, 169 P. 1094. The only testimony in the record even mildly indicating that it was abandoned as a homestead is the testimony of the defendant Bowman. His testimony is shown and found to be unreliable and unbelievable. On January 1, 1947, he solemnly swore before the tax assessor of Garfield county that the land constituted his homestead. It is true that this document was not properly introduced in evidence and is only in the record because it was attached as newly discovered evidence in the motion for new trial; but there is testimony to show that Bowman had stated that he intended to keep these lots until af-

ter the 1st of January so that he could claim his homestead exemption.

If the lis pendens statute means anything, it means that where one buys land involved in litigation from one of the litigants, the purchaser is charged with notice of the rights and claims of the other party, and by his purchase he acquires no greater interest than that finally adjudged to have been vested in his grantor at the time of the attempted conveyance. It was, then, the duty of the court to try the issues between Mr. and Mrs. Bowman as to who was entitled to the land, without regard to whether or not the grantees of T. P. Bowman had acquired or were entitled to any interest. Disregarding entirely the grantees of T. P. Bowman, was Ollie Bowman or T. P. Bowman entitled to the land in question? The undisputed evidence shows it was acquired during coverture. We conclude that by no principle of equity or justice could the court have deprived Ollie Bowman of the land as between her and her husband, even if the homestead issue should be eliminated from consideration; and Mr. and Mrs. Jones could acquire no greater interest than that of their grantor, T. P. Bowman.

The judgment of the trial court is reversed insofar as it affects the real property, with instructions to enter a judgment canceling the deed from T. P. Bowman to Floyd V. Jones and wife, and awarding to and quieting the title to said land in the plaintiff, Ollie Bowman; and canceling her judgment against T. P. Bowman for $1,200.

DAVISON, C. J., ARNOLD, V.C.J., and WELCH, CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.