Ruth L. PANTON, formerly Ruth L. Groseclose, Appellant,

v.

Ed LEE, Trustee of the Estate of Myron Groseclose, Bankrupt, Appellee.

In the Matter of Myron Groseclose, Bankrupt.

No. 5865.

United States Court of Appeals
Tenth Circuit.

Nov. 10, 1958.

Wilbur R. Dean, Oklahoma City, Okl., for appellant.

Harry W. Priest, Oklahoma City, Okl., for appellee.

Before MURRAH, PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

In this bankruptcy proceeding the divorced wife of the bankrupt asserts a claim to one-half of the bankrupt's estate on the basis of a divorce decree entered less than a month before the filing of the voluntary petition in bankruptcy. The referee denied the claim and the district court affirmed.

Appellant, Ruth L. Panton, formerly Ruth L. Groseclose, married the bankrupt in 1947. They quarreled violently and permanently separated in December, 1954. Groseclose, who was a construction contractor, was in grievous financial difficulties in the early part of 1955. On March 21, 1955, certain of his personal property was sold at public auction for the benefit of secured creditors. General Casualty Company, another creditor, on March 22, 1955, filed suit in the United States District Court for the Western District of Oklahoma requesting the appointment of a receiver and obtained a restraining order enjoining him from disposing of his property. His wife filed suit for divorce on March 28, 1955, and he waived summons, appearance and notice. On the next day the hereinaftermentioned divorce decree was entered.

He filed a voluntary petition in bankruptcy on April 26, 1955. At some later date, which is not disclosed by the record, he died.

It is conceded that the husband was insolvent before, and at the time of, the filing of the divorce case. The total claims filed and allowed in the bankruptcy proceedings exceed $885,000 while the assets in the bankruptcy estate amount to about $32,000.

The divorce decree entered by the District Court of Oklahoma County, Oklahoma, granted the wife a divorce, awarded to her the homestead property of the parties, gave her judgment for alimony in the lump sum of $10,000, and made the following division of property:

> "It is further ordered that plaintiff have judgment for one-half of any and all property, money or other assets which defendant may have, and that defendant be required to disclose the nature and extent of such property and required by this Court to do so."

There is no denial of the wife's assertion that all property received by the trustee in bankruptcy was acquired by the bankrupt during the married life of the parties.

■ After the divorce the wife was made a party to the receivership action brought in federal court by General Casualty Company. A decree was entered in that case on October 26, 1955, which quieted the title of the wife in the homestead property which was awarded her in the divorce action and certain other real property. The referee held that such decree in the receivership action was a determination that the wife had no interest in the property of her former husband which came into the hands of the trustee in bankruptcy. With this we cannot agree. That decree did not make any determination of the rights of the divorced wife in any property other than the real property. The record shows that she did not authorize her attorneys to take any action in regard to property other than the described real property and that she refused to sign a tendered stipulation waiving her rights in other property.

The referee further held that the property division contained in the divorce decree had the purpose of defeating and defrauding the creditors of the husband and amounted to a legal fraud. Indeed it appears superficially that there were such circumstances surrounding the divorce as to justify the claim of fraud upon the creditors. Prior to the divorce proceedings the receivership case of General Casualty Company alleging insolvency of the husband had been filed and substantial portions of the husband's property had been sold to satisfy secured creditors. The situation was such that there is justification for a holding that the wife knew or was chargeable with knowledge of the financial predicament of her husband. However, a disposition of the case does not require any consideration of the fraud issue.

■ The property involved here was acquired during marriage. The disposition of such property in divorce proceedings in Oklahoma is controlled by 12 O.S. 1951 § 1278, which provides in part as follows:

> "As to such property, whether real or personal, as shall have been acquired by the parties jointly during their marriage, whether the title thereto be in either or both of said parties, the court shall make such division between the parties respectively as may appear just and reasonable, by a division of the property in kind, or by setting the same apart to one of the parties, and requiring the other thereof to pay such sum as may be just and proper to effect a fair and just division thereof."

The whole authority of an Oklahoma court for decreeing in divorce proceedings a division of jointly-acquired property is found in the foregoing statute.[1] The purpose of the statute is to pro-

---

1. Trosper v. Trosper, Okl., 308 P.2d 320, 322–323.

vide for a property division so that the property awarded to one party to the divorce would be free from the claims or domination of the other party.[2] By agreement or lack of objection ownership in common may be ordered,[3] but when one party insists upon a severance of the common title the trial court must so divide the property.[4]

Except for the homestead property, over which there is no controversy, the divorce decree did not describe the property, did not order ownership in common, did not divide the property, and did not require the payment of any specific sum. The reason for this uncertainty and indefiniteness was undoubtedly the financial predicament of the husband. The attorneys for the parties were aware of this situation. Neither they nor the state court made any effort to determine whether the rights of the wife were paramount or subservient to the rights of ordinary creditors of the husband. They presented, and the court entered, a decree which obviously contemplated further action as it directed the husband to disclose the nature and extent of his property. He died before making such disclosure and no supplementary judgment was ever entered awarding to the wife any specific property or sum of money.

■ The Oklahoma Supreme Court has said that the purpose of a judgment is to settle a controversy and that to do so it must be "definite and certain, comprehending clearly the relief sought and granted, and the final determination of the rights of the parties to the action."[5] So far as the jointly-acquired property is concerned, the divorce decree now un-

der consideration is not definite and certain as it does not describe the property. It does not clearly comprehend the relief sought and granted as it does not divide the property in kind, require the payment of any specific sum, or order common ownership. It does not purport to be a final determination of the rights of the parties as further information is required from the husband. Because of these defects the divorce decree was ineffective to transfer to the wife any title to, or right of possession of, any property standing in the name of or held by the husband.

The divorce decree gave the wife judgment "for one-half of any and all property" of the husband. The trustee in bankruptcy took over all the property of the husband. As the divorce decree preceded the bankruptcy the question arises as to whether the general language of the decree had the effect in the circumstances of establishing a right in the wife to one-half of the bankrupt estate unencumbered by creditors' claims.

■ The filing of the divorce action did not constitute a lis pendens because it did not describe any property.[6] So far as the property here involved is concerned the divorce decree did not attach as a judgment lien because the real estate, if any, was not described and because in Oklahoma a judgment does not attach as a lien to personal property or choses in action.[7] As the property was in the name and possession of the divorced husband on the date of bankruptcy, the trustee, as of that date, was vested with all the rights, remedies, and powers of a creditor then holding a lien obtained by legal or equitable proceed-

2. Kupka v. Kupka, 190 Okl. 392, 124 P.2d 389, 391.

3. Cf. Smith v. Smith, 206 Okl. 206, 242 P.2d 436.

4. Lawson v. Lawson, Okl., 295 P.2d 769, 771.

5. Moroney v. Tannehill, 90 Okl. 224, 215 P. 938, 941. See also 12 O.S.1951 §§ 681

and 701, and Frensley v. Frensley, 177 Okl. 221, 58 P.2d 307, 313.

6. 12 O.S.1951 and Supp. §§ 180, 180.1; Flanagan v. Clark, 156 Okl. 230, 11 P.2d 176, 177. Cf. Bowman v. Bowman, 201 Okl. 384, 206 P.2d 582, 584; Germania Nat. Bank v. Duncan, 62 Okl. 144, 161 P. 1077, 1078–1079.

7. See Burchfield v. Bevans, 10 Cir., 242 F.2d 239, 241, and authorities there cited.

ings.[8] The trustee took the property of the bankrupt subject to liens then existing and valid under the Bankruptcy Act and the laws of the state where the property was situated.[9] Under Oklahoma law the wife had no lien. Hence, her claim cannot prevail over the rights of the trustee.

The judgment is affirmed.

8.   11 U.S.C.A. § 110, sub. c.

9.   Porter v. Searle, 10 Cir., 228 F.2d 748, 750.