**HARVEY ESTES CONSTRUCTION CO.,**
an Oklahoma corporation,
**Plaintiff,**

v.

**DRY DOCK SAVINGS BANK OF NEW YORK, Defendant.**

**No. 74–601–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Aug. 28, 1974.

Larry E. Myers, Oklahoma City, Okl., for plaintiff.

Tom L. Armstrong, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This case was removed to this Court from the Oklahoma State District Court of Pottawatomie County, Oklahoma on the basis of diversity of citizenship and the amount in controversy being in excess of $10,000.00. There is before the Court a motion by Dry Dock Savings Bank of New York (Dry Dock) for an order to release funds which the District Court of Pottawatomie County ordered paid into court and which are now held by this Court in view of the removal.

The controversy in this case arises out of a loan commitment contract between Harvey Estes Construction Co. (Harvey Estes) and Dry Dock. Dry Dock agreed to provide the permanent financing for a Harvey Estes construction project. In return for the commitment Harvey Estes agree to pay a commitment fee of $85,500. One half of the fee was paid in cash and one half of the fee was to be put in escrow covered by irrevocable letter of credit. The half covered by the letter of credit was to be retained by Dry Dock if the loan failed to close, but if the loan did close, the half was to be returned to Harvey Estes.

It is stipulated by the parties that the loan failed to close and cannot close because Harvey Estes was unable to complete the project due to insolvency. The letter of credit on its face requires that it be negotiated on or before June 30, 1974. It appears from the amended commitment letter (paragraph 19) that the commitment is terminable at the option of Dry Dock if the loan has not closed on or before December 31, 1973.

On April 2, 1974 Harvey Estes filed a petition in the District Court of Pottawatomie County, Oklahoma. He sought therein a judgment for $42,750 and an injunction prohibiting the issuing bank from honoring the above-mentioned letter of credit to Dry Dock. The bases for this suit are: that Dry Dock is not entitled to the funds covered by the letter of credit because of a failure and lack of consideration as the Defendant would not and has not suffered any damages; that the commitment letter is no longer binding since the property is now in foreclosure; that the Defendant is benefited as the obligation to lend money was at a lower interest than the current market; that Paragraph 17 of the commitment letter is void as a penalty or forfeiture.

On April 2, 1974, the Pottawatomie County District Court issued an Order enjoining the issuing bank from disbursing on the letter of credit held by Dry Dock and setting the matter for hearing on a temporary injunction on April 16, 1974. On April 16, 1974 there was a hearing on Plaintiff's motion for temporary injunction. All parties were present and represented by their attorneys. The motion was denied. On April 23, 1974 Plaintiff filed a Motion to Pay Funds Into Court. The basis for this motion was 12 Oklahoma Statutes § 1556. Notice of the motion was mailed to Defendant's attorneys. On May 1, 1974 Dry Dock presented the letter of credit and it was paid. Also, on the same day, the Motion to Pay Funds Into Court was heard and the Court ordered Dry Dock to pay the funds into Court

pending further Order of the Court. The Order was directed to Dry Dock and not to the bank which had issued the letter of credit. On July 3, 1974 the bank which had issued the letter of credit was dismissed by the Court as a party Defendant. On July 12, 1974 Dry Dock filed a Petition for Removal. On July 19, 1974 the Court Clerk of the Pottawatomie County District Court was ordered to pay the $42,750 to the Court Clerk for the Western District of Oklahoma.

The only authority for the Order to Pay Funds Into Court is 12 Oklahoma Statutes § 1556. Plaintiff admits that it does not meet the requirements for an equitable order to pay funds into Court. 12 Oklahoma Statutes § 1556 provides:

"When it is admitted, by the pleading or oral examination of a party, that he has in his possession or under his control any money or other thing capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same to be deposited in court or delivered to such party, with or without security, subject to the further direction of the court."

Pursuant to 12A Oklahoma Statutes § 5–114 the issuing bank was obliged to honor its letter of credit when Dry Dock presented it for payment. This Statute provides:

"(1) An issuer must honor a draft or demand for payment which complies with the terms of the relevant credit regardless of whether the goods or documents conform to the underlying contract for sale or other contract between the customer and the beneficiary. The issuer is not excused from honor or such a draft or demand by reason of an additional general term that all documents must be satisfactory to the issuer, but an issuer may require that specified documents must be satisfactory to it.

(2) Unless otherwise agreed when documents appear on their face to

comply with the terms of a credit but a required document does not in fact conform to the warranties made on negotiation or transfer of a document of title (Section 7–507) or of a security (Section 8–306) or is forged or fraudulent or there is fraud in the transaction

> (a) the issuer must honor the draft or demand for payment if honor is demanded by a negotiating bank or other holder of the draft or demand which has taken the draft or demand under the credit and under circumstances which would make it a holder in due course (Section 3–302) and in an appropriate case would make it a person to whom a document of title has been duly negotiated (Section 7–502) or a bona fide purchaser of a security (Section 8–302); and

> (b) in all other cases as against its customer, an issuer acting in good faith may honor the draft or demand for payment despite notification from the customer of fraud, forgery or other defect not apparent on the face of the documents but a court of appropriate jurisdiction may enjoin such honor."

A letter of credit is essentially a third party beneficiary contract. A party wishing to transact business induces a bank to issue the letter to a third party. It is a contract between the procuring customer and the issuing bank for the benefit of the payee-beneficiary. In the ordinary letter of credit situation, at the request of one of its customers a bank issues directly to a third party a promise to pay a sum of money on being furnished with certain documents. Anderson, Uniform Commercial Code, Sections 5–101:5 and 5–101:6. As an element of his contractual undertaking, the issuer must honor any draft or demand for payment which complies with the terms of the credit, UCC 5–114(1), Anderson, Uniform Commercial Code, Section 5–114:7.

It appears that Dry Dock complied with the terms of the letter of credit and there being no injunction against it, the issuing bank was obliged to pay. The parties then, the same day but at a later time, appeared before the Oklahoma District Court for Pottawatomie County to argue Plaintiff's motion for an order to pay the funds into Court pursuant to the terms of 12 Oklahoma Statutes § 1556. The terms of 12 Oklahoma Statutes § 1556 may have applied to the situation which existed prior to the presentation of the letter of credit. However, at the time the motion was heard and determined the terms of 12 Oklahoma Statutes § 1556 obviously did not apply to Dry Dock who was ordered to pay the money into Court. If a Court is to apply 12 Oklahoma Statutes § 1556 the following requirements have to be satisfied. There must be

a) an admission

b) by a party

c) in a pleading or oral examination

d) that he has in his possession or under his control

e) money or a thing capable of delivery

f) which is the subject of litigation

g) which is held by him as trustee for another party

h) or which belongs to another party

These conditions might have been satisfied if at the time of the hearing the funds in question had still been in the possession of the issuing bank. However, at the time of the hearing on the motion the above-mentioned factors were not present as to Dry Dock. Therefore, the statute did not give the court authority to order Dry Dock to deposit the funds.

It is Plaintiff's position that the respective rights of the parties should have been determined as of the date the motion was filed. However, the rights of parties are to be determined at

the time when a motion is argued and submitted to the Court for determination. 60 C.J.S. Motions and Orders § 38b, at p. 54; Howe v. Haterius, 66 F.2d 835 (Eighth Cir. 1933). The facts before the State Court at the time the motion was argued and submitted show that the fund was not in the hands of a person (Dry Dock) to whom the terms of 12 Oklahoma Statutes § 1556 applied. As a trial judge must determine a motion on the facts which existed at the time the case is submitted to him for determination, the mere filing of a motion by a party cannot prevent another party from using his money or property in any suitable way. Such a holding would be in effect a deprivation of the right to use property without a prior judicial determination. If substantive rights are determined as of the date of the filing a motion concerning the property, the owner of the property is effectively denied the use of that property until the motion is finally determined. Such a procedure is in effect a deprivation of property without due process of law such as is prohibited by Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L. Ed.2d 556 (1972) and Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

There are procedures such as injunction and lis pendens whereby a party can in effect freeze rights in property pending the outcome of litigation. As above stated Plaintiff has admitted that it does not satisfy the conditions precedent to the grant of an equitable injunction to preserve property in status quo pending the outcome of litigation. In Oklahoma, the doctrine of lis pendens is inapplicable in an action for the recovery of money only. Flanagan v. Clark, 156 Okl. 230, 11 P.2d 176 (1932).

For the above-stated reasons, the Clerk for the Western District of Oklahoma should be ordered to pay the $42,750 in the Registry of the Court in this case to the Defendant Dry Dock Savings Bank of New York.