CIVIL PROCEDURE
Title 12 O.S. 180.1 [12-180.1] (1971), as amended by House Bill No. 1293 of the First Regular Session of the Thirty-sixth Oklahoma Legislature, does not alter or change the date on which a judgment lien based upon a money judgment would attach to real property owned by the judgment debtor. The date of this attachment is still governed by 12 O.S. 706 [12-706] (1971). The Attorney General has considered your request for an opinion wherein you, in effect, ask the following question: Does the amendment to 12 O.S. 180.1 [12-180.1] (1971) by House Bill No. 1293 of the First Regular Session of the Thirty-sixth Oklahoma Legislature change the time at which a judgment lien of a money judgment attaches to real property owned by the judgment debtor ? Prior to the passage of House Bill No. 1293, 12 O.S. 180.1 [12-180.1] (1971) read as follows: "No action pending in either a State or Federal Court shall constitute notice with respect to any real property situated outside of the county in which said action is on file until such time as a notice of the filing of such action identifying the case and the Court in which it is pending, and describing the land affected by the action, is filed in the office of the County Clerk where said land is situated." As amended, 12 O.S. 180.1 [12-180.1] (1977) now provides: "No action pending shall constitute notice with respect to any real property until such time as a notice of the filing of such action identifying the case and the court in which it is pending and giving the legal description of the land affected by the action, is filed in the office of the county clerk where said land is situated. Provided, however, that the purchaser of land shall be charged with notice of all actions pending against the record owner of such land, to the extent that the actions expressly set forth facts that if proven would become inchoate judgment liens on real property held in the name of the parties to pending litigation " The first sentence of 12 O.S. 180.1 [12-180.1], as amended, specifically refers to actions in which certain described real property is affected by the action. Only the last sentence of the statute concerns pending actions which do not deal specifically with certain real property. The Legislature did not amend 12 O.S. 706 [12-706] (1971), which indicates when a judgment is to become a lien on the real estate of the judgment debtor. Title 12 O.S. 706 [12-706] (1971) states: "Judgment of courts of record of this State, except County Courts, and of the United States rendered within this State, shall be liens on the real estate of the judgment debtor within the county in which the judgment is rendered from and after the time such judgment is entered on the judgment docket . . ." (Emphasis added) The Supreme Court has construed 12 O.S. 706 [12-706] (1971) as controlling when a money judgment constitutes a lien on the real property of the judgment debtor. In Smith v. Citizens National Bank in Okmulgee, 204 Okl. 586, 232 P.2d 618 (1951), it was held: "Unless a money judgment is entered on the judgment docket, it does not constitute a lien on the real estate of the judgment debtor, even in the county where the judgment is rendered and recorded in the civil journal." The Smith case was cited in Knight v. Armstrong, Okl,303 P.2d 421 (1956), where the Court held: "A judgment for money only does not become a lien on realty of judgment debtor unless and until it is duly entered upon the Judgment docket of the county in which the real property is located." The legal principle dealt with in the first sentence of 12 O.S. 180.1 [12-180.1] is that of lis pendens. Although the doctrine of lis pendens has been construed as an element of the law of notice, valid lis pendens can only arise from litigation concerning some specific thing which will be affected by the termination of the suit. The doctrine of lis pendens has been held to be inapplicable to an action for the recovery of money only. Flanagan v. Clark, 156 Okl. 230, 11 P.2d 176 (1932). Therefore, the doctrine of lis pendens is irrelevant to the question of time of attachment of a money judgment. The Supreme Court of Oklahoma set forth guidelines concerning the construction of statutes in Lancaster v. State, Okl.,426 P.2d 714 (1967): "The general rules that apply in construing a statute are that the legislative intent must govern, and to arrive at the legislative intent, the entire act must be considered, a construction should be given the act which is reasonable and sensible, and should not be construed so that it would lead to an inconsistency between different parts as they bear upon each other." (Citations omitted) In Eason Oil Company v. Corporation Commission, Okl., 535 P.2d 283 (1975), the Supreme Court held: "Legislative acts are to be construed in such manner as to reconcile the different provisions and render them consistent and harmonious, and give intelligent effect to each." It is, therefore, the opinion of the Attorney General that your question be answered as follows: Title 12 O.S. 180.1 [12-180.1] (1971), as amended by House Bill No. 1293 of the First Regular Session of the Thirty-sixth Oklahoma Legislature, does not alter or change the date on which a judgment lien based upon a money judgment would attach to real property owned by the judgment debtor. The date of this attachment is still governed by 12 O.S. 706 [12-706] (1971). (MICHAEL JACKSON)