This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                        No. 33,830

**APRIL PADILLA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G.W. Shoobridge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Law Offices of the Public Defender
Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}    Defendant filed a docketing statement, appealing from her conviction of conspiracy to commit shoplifting (over $2,500), a fourth degree felony, contrary to NMSA 1978, Sections 30-16-20 (2006) and 30-28-2 (1979). In this Court's notice of proposed summary disposition, we proposed to affirm. [CN 1] Defendant filed a memorandum in opposition. [MIO] We have given due consideration to the memorandum in opposition, and remaining unpersuaded, we affirm Defendant's conviction.

{2}    Defendant continues to argue that there was insufficient evidence to sustain her conviction. [MIO 6] In support of her argument, Defendant contends, in pertinent part, that "[t]he State was required to further prove the elements of [s]hoplifting which requires the State to prove beyond a reasonable doubt that [Defendant] transferred several [i]Pads from the container in which they were displayed to another container[ and] the merchandise had a market value of over $2,500.00[.]" [MIO 7] Defendant additionally continues to argue that she did not know that shoplifting was occurring until after it was complete. [MIO 8] In other words, by her memorandum in opposition, Defendant clarifies her argument that the State did not present sufficient evidence to support the jury's finding that Defendant (1) shoplifted [MIO 7]; (2) knew about the shoplifting until after it was complete, and therefore, agreed to and intended

to shoplift [MIO 8]; and (3) intended that Walmart be deprived of over $2,500 worth of merchandise.  [MIO 9-11]

**{3}**    First, in our calendar notice we briefly addressed the mistaken premise of Defendant's claim that there was insufficient evidence to support a jury finding that Defendant shoplifted. [MIO 7; CN 3] We stated that the jury was not required to find that Defendant took possession of any items while in Walmart and that, in fact, Defendant was only charged with *conspiracy* to shoplift.  [DS 1; RP 1; CN 3]  We now reiterate that because Defendant was not charged with shoplifting, the jury was not required to find that Defendant transferred the iPads or shoplifted.  [RP 1, 77; see RP 78]

**{4}**    Nonetheless, because Defendant was charged with *conspiracy* to shoplift, the elements for shoplifting were included in the jury instructions, including as its first element that "the defendant transferred several [i]pad[s] . . . from the container in which they were displayed to another container[.]"  [RP 78]  We recognize that the shoplifting-elements instruction was poorly drafted and tends to indicate that the jury may have been required to find that Defendant herself committed the shoplifting. However, we again stress that "conspiracy" merely "consists of knowingly combining with another for the purpose of committing a felony within or without this state." Section 30-28-2(A).   Nowhere in the statute defining "conspiracy" is there a

requirement that the defendant also commit the felony itself. *See* § 30-28-2. Likewise, the jury instructions did not require the jury to find that Defendant committed the actual shoplifting in order to find Defendant guilty of *conspiracy* to shoplift. [*See* RP 77] Although the jury instruction defining the shoplifting elements was vague with regard to the shoplifter identified therein and was arguably confusing as a result thereof, *see* § 30-16-20(A)(4) (defining "shoplifting" as "willfully transferring merchandise from the container in or on which it is displayed to another container with the intention of depriving the merchant of all or some part of the value of it"), Defendant failed to object to the wording of the instruction at trial and has, accordingly, failed to preserve an argument regarding the jury instruction for appeal. *See* Rule 12-216(B) NMRA; *In re Aaron L.*, 2000-NMCA-024, ¶ 10, 128 N.M. 641, 996 P.2d 431 (stating that, on appeal, the reviewing court will not consider issues not raised in the district court unless the issues involve matters of jurisdictional or fundamental error).

{5}     This is not a case involving fundamental error. Defendant is not indisputably innocent. Nor does the mistake make the conviction fundamentally unfair. *See State v. Barber*, 2004-NMSC-019, ¶ 17, 135 N.M. 621, 92 P.3d 633 (providing that fundamental error only occurs in "cases with defendants who are indisputably innocent, and cases in which a mistake in the process makes a conviction

4

fundamentally unfair notwithstanding the apparent guilt of the accused"). We conclude that there was sufficient evidence for the jury to have convicted Defendant of conspiracy, as discussed more fully in this Opinion, so Defendant is not, as she claims, indisputably innocent of conspiracy. The mistake does not make the conviction fundamentally unfair because a finding of conspiracy does not require a finding that the crime itself was committed. *See, e.g.*, *State v. Olguin*, 1994-NMCA-050, ¶ 36, 118 N.M. 91, 879 P.2d 92 ("[W]e now . . . uphold the conviction for conspiracy, notwithstanding that one of the underlying crimes may not have been supported by sufficient evidence."), *aff'd in part*, 1995-NMSC-077, 120 N.M. 740, 906 P.2d 731. Whether the jury considered and/or determined that Defendant herself actually transferred the iPads from their original packaging to the cart/her purse is irrelevant to the conspiracy charge and, thus, harmless. Accordingly, the arguably confusing jury instruction defining the shoplifting elements is, at best, harmless error.

{6}     Second, we address Defendant's continued argument that there was insufficient evidence to support a finding that Defendant knew about the shoplifting until after it was complete, and therefore, that Defendant agreed to and intended to commit shoplifting. [MIO 8] As we stressed in our calendar notice, in order to convict Defendant of *conspiracy* to shoplift, the jury was required to find, in pertinent part,

5

that Defendant and another person by words or acts *agreed together to and intended to commit shoplifting*, with the act of shoplifting described in the elements instruction. [RP 77] Defendant's memorandum in opposition provides this Court with a much more detailed picture of the evidence presented by both parties below than was provided in Defendant's docketing statement. *See* Rule 12-208(D)(3) NMRA (requiring the docketing statement to contain a summary of "all facts material to a consideration of the issues presented"). Nevertheless, as we explained in our calendar notice, "we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (alteration, emphasis, internal quotation marks, and citation omitted). "Substantial evidence review requires analysis of whether direct or circumstantial substantial evidence exists and supports a verdict of guilt beyond a reasonable doubt with respect to every element essential for conviction." *State v. Kent*, 2006-NMCA-134, ¶ 10, 140 N.M. 606, 145 P.3d 86.

{7} According to the memorandum in opposition, the following pertinent evidence was presented at trial. Mr. Bookhammer testified that he went to Walmart on the date

6

in question, accompanied by Defendant and two other women. [MIO 1] Detective Porter testified that Mr. Bookhammer stated in his recorded interview (State's Ex. 2) that he gave the unpackaged iPads to "the girls," who then left the store without paying for them. [MIO 2] Detective Porter further testified that Walmart surveillance video showed all three women in the vicinity of the electronics section and near the shopping cart when Mr. Bookhammer placed the iPads in the cart. [MIO 3] Detective Porter additionally testified that Defendant stated in her recorded interview that she allowed one of the other women to use her purse to conceal and remove the iPads from Walmart. [MIO 3]

{8} Viewing the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict[,]" *Cunningham*, 2000-NMSC-009, ¶ 26, we conclude that there was sufficient evidence of a direct or circumstantial nature, *see Kent*, 2006-NMCA-134, ¶ 10, to uphold the jury's findings that Defendant and Mr. Bookhammer and/or the other women present, by words or acts, agreed to and intended to commit shoplifting—transferring five iPads from the container in which they were displayed to Defendant's purse—on or about the date in question. [RP 77-78] To the extent that Defendant believes the intermediate placement of the iPads in the shopping cart is relevant [*see* MIO 8], we disagree. The fact that Mr. Bookhammer may have placed

7

the iPads into the cart before he or one of the women ultimately transferred the iPads to Defendant's purse for removal from the store is inconsequential.

**{9}** Additionally, although Defendant presented evidence that contradicts Detective Porter's testimony and testified herself that she did not conspire to steal the iPads, it was for the jury to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lay. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482; *see also State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 ("This court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict." (internal quotation marks and citation omitted)). "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{10}** Finally, with regard to Defendant's argument that there was insufficient evidence to uphold a finding that she conspired to shoplift merchandise worth more than $2,500, we are unpersuaded. Defendant stated in her memorandum in opposition that Mr. Bookhammer removed five iPads, each valued at anywhere from $500 to $800, from the display case. [MIO 8] As there was sufficient evidence for the jury to conclude that Defendant conspired to shoplift the iPads, and as the five iPads taken

8

were worth, collectively, anywhere from $2,500 to $4,000, we conclude that the evidence was sufficient to support the contested finding. *See Cunningham*, 2000-NMSC-009, ¶ 26 (stating that we view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict").

{11}     As there is no contention or evidence to suggest that the events did not occur on or about the date in question; that Walmart was not offering the iPads for sale to the public in a store; or that the shoplifter, by his shoplifting, did not intend to deprive Walmart of all or some part of the value of this merchandise [RP 77, 78], we conclude that there was sufficient evidence to support Defendant's conviction of conspiracy to shoplift. Accordingly, for all the reasons stated in this Opinion and detailed in this Court's notice of proposed summary disposition, we affirm Defendant's conviction of conspiracy to commit shoplifting.

{12}     **IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

9

_____

**J. MILES HANISEE, Judge**